IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50096
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERESA LOZANO; GUADALUPE LOZANO,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-335-2-H
--------------------

December 28, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Teresa and Guadalupe Lozano appeal their convictions and
sentences for conspiracy, conspiracy to violate civil rights,
extortion conspiracy, alien smuggling, and involuntary servitude.
Both defendants argue that the evidence is insufficient to
support their convictions for extortion conspiracy under the
Hobbs Act because the Government failed to establish the
requisite link with interstate commerce.  The record shows that
the defendants transported the victims from state to state
requiring them to peddle trinkets in furtherance of their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

extortionate scheme. We find this evidence sufficient to support their convictions. <u>Service Mach. & Shipbuilding Corp. v. Edwards</u>, 617 F.2d 70, 73 (5th Cir. 1980); <u>see</u> <u>Edwards v. California</u>, 314 U.S. 160, 173-74 (1941).

Both defendants also argue that the district court clearly erred by increasing their offense levels on the ground that the victims suffered a serious bodily injury. We find no error. <u>See</u> <u>United States v. Davis</u>, 19 F.3d 166, 171-72 (5th Cir. 1994); <u>United States v. Reed</u>, 26 F.3d 523, 530 (5th Cir. 1994).

Teresa Lozano argues that the prosecutor's closing argument violated her right to a fair trial by misstating the law of conspiracy. The prosecutor's comments cast no doubt on the correctness of the jury's verdict. <u>United States v. Rodriguez</u>, 43 F.3d 117, 123-24 (5th Cir. 1995).

Guadalupe Lozano argues that the district court erred by failing to allow her to introduce into evidence two letters which were probative of the victims' states of mind. One letter, which was never authenticated at trial, was not offered by Guadalupe as evidence, and we fail to see how the other letter is relevant to her guilt or innocence. Thus, we find no error, plain or otherwise, in the district court's evidentiary rulings. <u>United States v. Polasek</u>, 162 F.3d 878, 883 (5th Cir. 1998).

AFFIRMED.